UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| TYRONE BURT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3: 09-17-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY DOOM, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tyrone Burt is currently confined in the Green River Correctional Complex (GRCC) in Central City, Kentucky. On March 18, 2009, Burt filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Kentucky. [Record No. 1] The matter was subsequently transferred to this Court. *See* 28 U.S.C. 1404(a), LR 3.2(b), and LR 3.2(f). [Record No. 5] Respondent Nancy Doom, Warden of GRCC, has now moved the Court to dismiss Burt's Petition or, alternatively, to grant summary judgment in her favor. On June 8, 2009, United States Magistrate Judge Edward B. Atkins directed Burt to respond to the motion no later than July 8, 2009. [Record No. 16] The Petitioner, however, has failed to file a timely response.

The Respondent's motion will be granted. Having reviewed all materials filed herein, the Court concludes that Burt has failed to present the issues he seeks to litigate here to the Kentucky state courts. As a result, these claims are procedurally defaulted. Because the Court has considered the pleadings filed in the Franklin Circuit Court and the Kentucky Court of

Appeals in reviewing the claims presented, the motion has been evaluated under Rule 56 of the Federal Rules of Civil Procedure.

**I.    Relevant Facts**

Burt was indicted on numerous charges by a Franklin County, Kentucky, grand jury on May 23, 2007.[1] [Record No. 14, A1-5.] On October 26, 2007, he appeared in the Franklin Circuit Court, with counsel, for the purpose of entering a guilty plea to sixteen counts and was sentenced to varying terms of imprisonment ranging from twelve months to seven years, together with fines in varying amounts. However, because all terms of imprisonment were imposed to run concurrent, and all fines were cumulative, the total sentence imposed was imprisonment for seven years and a $1,000.00 fine. [*Id.* at A6-14] The state court judgment was entered November 13, 2007. [*Id.*]

On May 5, 2008, Burt filed a motion in the Franklin Circuit Court to vacate his judgment pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure. [*Id.* at 15-21] Due to the incoherent nature of his pleading, it is difficult to determine the actual issues Burt attempted to raise in his Rule 60.02 motion. In the body of his motion, Burt argued summarily that, during his trial, his attorney was "ineffective and render [sic] very little if any defense at all . . . ." [*Id.* at 16] Burt also contended in his motion that he had maintained his innocence at trial but had entered an Alford plea.[2] Next, citing *Kimbrough v. United States*, 552 U.S. 85 (2007), he argued

---

[1] The relevant state court records are attached to the Respondent's Answer as A1-25. [*See* Record No. 14, attachments.]

[2] This assertion is not supported by the record, as Burt clearly entered a "nonAlford Plea to indicted charges and charges as amended." [*See Id*. at A8.]

that the circuit court should reexamine his sentence in light of new Supreme Court authority regarding penalties imposed in drug trafficking crimes. While other assertions were made, his reliance on *Kimbrough* appeared to be the focus of his Rule 60.02 motion. For example, in the argument section of his motion, Burt attempted to draw a parallel between federal decisions regarding the United States Sentencing Guidelines and his case.

> Its [sic] would be within the interest of Justice that this COURT review the findings in light of KIMBROUGH VS. UNITED STATES, The 100 to 1 ratio of crack cocaine oppose to powder cocain. [sic] GALL U.S.   U.S     S.Ct.   LED  2007 WL 4292116. I would hold that, under the remedial decision in UNITED STATES VS. BOOKER 543 U.S. 220, 258, 265, 175, S.Ct. 738, 160 LED. 2nd 621 (2005) a district COURT JUDGE is still required to give significant weight to the policy decisions embodied in the guidelines. The BOOKER remedial decision, however, does not permit the COURT of APPEALS to treat the guidelines decisions as binding. I would not draw a destinction [sic] between the guidelines as issue here and other guidelines accordingly I would vacate the decision of the COURT OF APPEALS and remaand [sic] for reconsideration was the openion [sic] handed down from the JUSTICES.
>
> Hereforeto [sic] in this case at bar BURT should be intitled [sic] to the same decision as the COURT came to in U. S VS. BOOKER 543 U.S 220.

[*Id.* at A20]

Burt's prayer for relief also requested that the circuit court revisit his sentence in light of the Supreme Court's decision in *Kimbrough v. United States, supra.* Next, in numerical paragraph (3) of the Rule 60.02 motion, he contended that the court should review for misconduct "the opening statement remark which the prosecutor in open COURT [made] during

-3-

a hearing . . ." [*Id.* at A21][3] His prayer did not, however, address any claims regarding ineffective assistance provided by his attorney.[4]

The Franklin Circuit Court denied Burt's motion on September 18, 2008. [*Id.* at 22] The court, however, did not address the merits of the Petitioner's assertions. Instead, in a one page Order it merely indicated that, "The Court, having considered the arguments and being otherwise sufficiently advised, hereby . . . [DENIES] all relief requested therein . . ." [*Id.* at A22] On October 14, 2008, Burt filed a motion to proceed *in forma pauperis* with the Kentucky Court of Appeals. The record does not contain a copy of this appellate motion. However, the appellate court granted the Petitioner's pauper motion and permitted a Notice of Appeal to be filed on October 27, 2008.

Because the Notice of Appeal was tendered more than thirty days after the circuit court's ruling on his Rule 60.02 motion, Burt was directed to show cause why his appeal should not be dismissed.

> Appellant [Burt] is ORDERED to SHOW CAUSE why the appeal should not be dismissed for failure to timely file a Notice of Appeal. Appellant's response shall

---

[3] At no point does Burt explain the nature of the remark made by the Commonwealth Attorney which he claims to be improper. In this regard, the Court notes that the Respondent did not proceed to trial. Thus, the unexplained remark likely occurred in the presence of the trial judge and counsel. In a habeas proceeding, a claim of prosecutorial misconduct must be reviewed for harmless error. *Spisak v. Mitchell*, 465 F.3d 684 (6th Cir. 2006). The relevant inquiry is whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal citations omitted). Such a conclusion cannot be reached here.

[4] Burt seems to acknowledge that he failed to fairly present issues of ineffective assistance of counsel and bad faith by the Commonwealth Attorney. At page 2 of his Petition, he states that, "By implication [his appeal to the Kentucky Court of Appeals] was alleging that the commonwealth and his attorney coerced and duped him into an involuntary plea." [*See* Record No. 1, p. 2.]

include a copy of any mail logs showing the date the Notice of Appeal was placed with prison authorities for mailing.

[*Id.* at 23-24] Burt was also notified in the Show Cause Order that his appeal could be dismissed if he failed to respond to the court's Order.

The court of appeals Show Cause Order was entered on November 13, 2008, with Burt being given thirty days to file his response. However, the Petitioner did not file a response as directed by the appellate court. Instead, it appears that on December 1, 2008, he filed a motion for an evidentiary hearing which did not address the untimeliness of his Notice of Appeal. As a result, his appeal was dismissed on January 20, 2009[5], and his remaining motion for an evidentiary hearing was denied as moot. [*Id.* at 25]

Through his current petition, Burt asserts that his attorney in the state court proceeding, Chris Olds, provided ineffective assistance. More specifically, he asserts, in part, that:

> In [the state court proceeding] . . . the scelective [sic] prosecution Mr. Burt was "Dupe" into pleading guilty on the advice of his attorney. Mr. Burt was not guilty of the following charges being a persistent felon as the commonwealth's attorney sought his conviction then brough [sic] about the plea bargaining. Mr. Burt was adantment [sic] about taking the many charges to trail [sic], because they were their only to force him into a plea bargan [sic]. . . . The trail [sic] court abused its discretion and denied Mr. Burt due process of law when it denied his request to withdraw his guilty plea without holding an evidentiary hearing. Rcr 8.10 states that "[a]ny time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted."

---

[5] The date of the Kentucky Court of Appeals' Order dismissing Burt's appeal in not legible. It appears to have been filed no earlier than January 20, 2009. Other than his motion for an evidentiary hearing, the record does not reflect that during the period beginning November 13, 2008, and continuing through January 20, 2009, Burt filed any pleading attempting to explain his failure to timely file a notice of appeal.

[Record No. 1] Burt further asserts that he was mislead by his attorney by his failure to have an investigator obtain his prior record. He claims that the commonwealth attorney participated in the misrepresentations by telling him that, in exchange for his plea of guilty, other cases would be dismissed.[6]

Burt now contends that he was unable to respond to the Kentucky Court of Appeals' show cause order due to events beyond his control. He states:

> althrough [sic] commonwealth of Ky. court of appeals granted a show cause order. A [sic] untimely set of events happened. The institution at Green River had three lockdowns during the period [before] . . . appellant waa [sic] to respond and the court received appellant response The appellant served a copy of the court order on the institutional mail room requesting a copy of the mail log be forwarded to the Kentucky Court of Appeals as to support the explaination [sic]. However, the institution claims were that they do not provide copies of the mail log.

[Record No. 1, p. 5] Through the memo filed in support of his petition, he also claims that weather conditions also prevented his response to the Kentucky Court of Appeals Show Cause Order.

> 1- There was Ice storm that recently paralyze the southwest part of Kentucky and the entire eastern sea board. Every phase of business from the court system to main street would came to a holt [sic]. Moreover there was a short fall of staff which prioritized. The institution decided not to worry about prison mail and answering inmate request for legal services.

---

[6] His petition also contains arguments that: (i) the Kentucky criminal justice system is in need of reform and that alternatives to incarceration should be provided to offenders who pose a minimal risk to the community and will likely benefit from rehabilitation efforts [*Id.* at 3-4], (ii) the Court should adopt certain recommendations pertaining to the persistent felony offender statute, and (iii) the Court should adopt a recommendation to eliminate the state's ability to enhance a felony offense through one statutory provision and also prosecute the offender as a persistent felony offender. There is no indication that any of these issues were fairly presented to the Kentucky courts for resolution.

[Record No. 1-2, p. 3]

Burt's response to the Kentucky Court of Appeal's Show Cause Order was due no later than December 15, 2008. The Court notes that the ice storm referenced in Burt's pleadings occurred beginning January 27, 2009 – approximately one week after his appeal was dismissed by the Kentucky Court of Appeals. Thus, the claim that his response was delayed due to subsequent weather conditions is without merit. Further, Burt does not assert that he was not aware of the court-imposed deadline for responding to the Show Cause Order or the deadline for filing a Notice of Appeal with the Kentucky Court of Appeals. Further, at no point has explained why he did not file a timely appeal.[7] Instead, he acknowledges that the court of appeals' dismissal of his appeal was proper after he failed to file a response to the Show Cause Order. However, he seeks to utilize his 2254 petition as a substitute for his now-dismissed state appeal. In the concluding remarks filed in support of his petition, Burt states that:

> It is a fact that Mr. Burt case is one that slip through the cracks and the safty [sic] was not in place. Mother Nature truely [sic] took a toll here, his case was dismissed be cause [sic] of form over substance. The court was right in its dismissal. But foremost, every citizen of the United States has a constitutional right to an appeal of a conviction, and it is this right that Mr. Burt now assert [sic] to this Honorable Court. It is our hope that this court rule favorablely [sic] for the appellant and remand this case back to the Kentucky court Appeals with instructions for further proceedings.

[Record No. 1-2, p. 5]

**II.    Analysis**

---

[7] Burt has never indicated the date on which he deposited his Notice of Appeal in the GRCC's mail system.

Title 28 of the United States Code, § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254.

As noted by the Respondent, a writ of habeas corpus is intended to cure serious constitutional errors. It is not intended to determine guilt or innocence because federal courts are not forums in which to re-litigate state trials. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). A state court's decision is contrary to clearly established precedent if: (1) the state court applied a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

For a federal court to find a state court's application of Supreme Court precedent unreasonable, the state court's decision must have been more than incorrect or erroneous; it must

have been "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510 (2003). Additionally, subsection (e) of § 2254 states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). Thus, this Court must give proper deference to a state court's findings that are supported by the record, absent clear and convincing evidence to the contrary. Lacking the showing of some constitutional violation, this Court cannot examine a state court's decision interpreting state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

### Procedural Default

Before presenting issues for a federal court's review under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state judicial remedies with respect to each issue relied upon in his federal petition. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Koontz v. Glossa*, 731 F.2d 365 (6th Cir. 1984) (the exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts . . ."). Failure to present a claim to the state courts results in procedural default. *Teague v. Lane*, 489 U.S. 288, 297 (1989); *Barkley v. Konteh*, 240 F.Supp.2d 708, 711 (N.D. Oh. 2002) ("when one presents a claim to a state court, and the state court rejects the claim on an adequate and independent state ground without an adjudication on the merits, the petitioner has procedurally defaulted the claim" citing *Wainwright*). Under the procedural default rule, a federal court man not hear an issue to which the state appellate court applied a procedural bar, absent a showing of cause and prejudice. *Wainwright*, *supra,* at 87.

The Sixth Circuit uses a four-step analysis to determine whether a claim is procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). Under this test, the Court decides: (1) whether the petitioner failed to comply with an acceptable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138-39

In the present case, it is undisputed that Burt failed to comply with state procedural rules for timely filing a notice of appeal following his conviction and imposition of sentence. Likewise, it is equally clear that Kentucky state courts dismiss appeals which are not timely filed when a party fails to offer a sufficient excuse for his or her tardiness. Further, it cannot be argued that, by dismissing the appeal for procedural reasons, the Kentucky Court of Appeals reached the merits of Burt's claims. Clearly, it did not do so.

With respect to the fourth step of this analysis, dismissal for failure to file a timely appeal constitutes an adequate and independent ground on which a state can rely to foreclose review of a federal constitutional claim. *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 148 (1979); *Barkley v. Kohteh*, *supra*, at 713. Thus, procedural default bars Burt's claims from federal habeas review unless he can demonstrate cause and prejudice to excuse the default. *Reed v. Farley*, 512 U.S. 339, 354 (1994).

The Court agrees with the Respondent that Burt has failed to assert any external act or force which prevented him from raising in the state courts the issues he seeks to present here.

As noted above, while Burt has asserted that several lock-downs occurred while he has been incarcerated at the GRCC, he has not shown when these lock-downs occurred. Further, he has not asserted that he was unaware of the deadline for filing a notice of appeal. His attempt to excuse his conduct in failing to respond to the Court of Appeals' Show Cause Order does not address grounds which would justify the timely filing of a notice of appeal following his conviction and sentencing by the Franklin Circuit Court. And as noted previously, he cannot use a weather event occurring *after* his appeal was dismissed to excuse he earlier failures to file timely pleadings.[8]

Finally, Burt has the burden to "affirmatively prove prejudice." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). If "one is left with pure speculation on whether the outcome . . . could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). When alleging errors of counsel to support a claim of prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, id.* at 694. "A reasonable probability is a probability sufficient to undermine

---

[8] A default may also be excused if the petitioner is able to demonstrate that not excusing the default will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice results from the conviction of a person who is actually innocent. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Therefore, a petitioner who has pleaded guilty is limited in the grounds for relief which may be asserted in seeking habeas relief. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.") A voluntary and knowing plea of guilty generally forecloses a later attempt to challenge the conviction. *United States v. Broce*, 488 U.S. 563, 570 (1989). Here, the Petitioner has not demonstrate that his plea was neither knowing or voluntary. Thus, he cannot demonstrate prejudice by asserting that a fundamental miscarriage of justice has occurred.

confidence in the outcome." *Id.*  Burt has failed to make such a showing here.  General claims that he was "misled" by attorney or that his attorney was ineffective by failing to obtain Burt's criminal records is insufficient to meet his burden.  Burt has not shown that his criminal record would not have supported the sentence actually imposed by the circuit court and no information has been offered to explain the claim that attorney Olds misled Burt in any way in connection with the state proceeding.

    **III.**   **Conclusion**

Petitioner Tyrone Burt has failed to fairly present to the state courts the issues he seeks to raise in this habeas proceeding.  Accordingly, it is hereby

**ORDERED** that the Respondent's motion for summary judgment is **GRANTED**.  The alternate request for dismissal is **DENIED**, as moot.  The Petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Tyrone Burt is **DISMISSED**, with prejudice.

This 22nd day of July, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge